487 P.2d 597 (1971)
The PEOPLE of the State of Colorado ex rel. Hilbert SCHAUER, Executive Director of the Department of Institutions, Plaintiff in Error,
v.
Catherine M. BOZAICH, Executrix of the Estate of Jennie C. Hoody, Deceased, Defendant in Error.
No. 71-058. (Supreme Court No. 24288.)
Colorado Court of Appeals, Div. I.
June 2, 1971.
Rehearing Denied June 22, 1971.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Harold A. Feder, Sp. Asst. Atty. Gen., Denver, for plaintiff in error.
Bellinger, Faricy, Tursi & O'Callaghan, Dale P. Trusi, Pueblo, for defendant in error.
Selected for Official Publication.
ENOCH, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This is a suit to recover accrued costs for care and maintenance of an incompetent person in the State Home and Training School. The parties occupy the same positions as in the trial court. Trial was to the court which entered judgment against the State disallowing its claim.
Virginia Sabo is a mentally incompetent person who has been cared for by the State continuously since November 11, 1930. Jennie Hoody was Virginia's mother. Alex Hoody was Jennie's second husband and not the father of Virginia. Alex predeceased Jennie by 26 hours, leaving his estate to Jennie. Jennie died on June 5, 1967. Thus, in the 26 hour interval between the death of Alex and Jennie, Jennie's estate swelled from virtually nothing to $46,000. By Jennie's will, her entire estate passed to her other daughter, Catherine, and specifically excluded Virginia.
It is undisputed that at the time of Virginia's admission and until approximately June 4, 1967, neither she nor her parents were able to pay any part of the cost of her maintenance. The estate disputed the State's claim that monthly statements for the care and support of Virginia had been sent to Jennie Hoody during her lifetime. However, that no determination of Jennie's ability to pay was ever made was not disputed.
*598 The question on appeal is whether the State can now claim the costs of Virginia's support since 1930, totalling $19,456, against the estate of her mother who was in fact able to pay during the 26 hour period prior to her death.
The law in effect at the time of Jennie Hoody's death, concerning liability of next of kin, upon which the State relies is 1965 Perm.Supp., C.R.S.1963, 71-7-1, as follows:
"(1) Whenever any person is admitted, committed, or transferred to any public institution of this state supervised by the department of institutions for the care, support, maintenance, education, or treatment of the mentally ill or mentally deficient, such person, his children, his spouse, and his parents shall be liable for the costs of the care, support, maintenance, and treatment of such person to the extent and in the manner provided in this article. No other relatives of such person shall be liable to any extent for such costs."
Under 71-7-4, the Department of Institutions is required to determine the ability of the patient, his spouse and his parents to pay. 71-7-5 provides that a determination of the ability of a patient or relative to pay shall remain in effect until a redetermination is made.
We hold that under the provisions of the statute, the liability which attaches under 1965 Perm.Supp., C.R.S.1963, 71-7-1, becomes a debt upon determination by the Department of Institutions that the relative is able to pay under 1965 Perm. Supp., C.R.S.1963, 71-7-4. If no determination of ability to pay has been made, as in this case, the amount expended by the State in caring for the incompetent does not accrue and cannot be claimed as a debt against the estate of the deceased. See, Estate of Randall v. Colorado State Hospital, 166 Colo. 1, 441 P.2d 153.
The judgment of the trial court is affirmed.
COYTE and DUFFORD, JJ., concur.