524 P.2d 614 (1974)
STATE of Colorado for the Use of FORT LOGAN MENTAL HEALTH CENTER, Ethel M. Bonn, M. D., Director, Plaintiff-Appellant,
v.
William HARWOOD and Jean Harwood, Defendants-Appellees.
STATE of Colorado for the Use of FORT LOGAN MENTAL HEALTH CENTER, Ethel M. Bonn, M. D., Director, Plaintiff-Appellant,
v.
Leo R. SUPAN and E. Jeanne Supan, Defendants-Appellees.
Nos. 73-274, 73-275.
Colorado Court of Appeals, Div. 1.
July 9, 1974.
*615 John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Stewart A. Shafer, Jr., Asst. Atty. Gen., Denver, for plaintiff-appellant.
Davis, Graham & Stubbs, Arthur E. Otten, Jr., Denver, for defendants-appellees.
Selected for Official Publication.
PIERCE, Judge.
Since they present identical issues, these cases were consolidated in the trial court and in this court and there is no dispute as to the facts in either case.
In each case, a minor child of defendants was hospitalized and treated at Fort Logan Mental Health Center, a state institution. The fathers of the two children were both covered by a group insurance policy provided by their employer, which policy provides for reimbursement to the employees for certain expenses incurred by them on behalf of their dependent children for care and treatment in institutions such as the Fort Logan Mental Health Center. The policy also contains specific limitations as to the coverage. The insurance company is not a party to these suits.
The state filed suit to recover the costs of treatment of the children. Judgment was entered below for defendants on all issues and the state appeals. We affirm the judgment of the trial court, with the exception of that portion of the judgment which awarded defendants their costs.
The state's right to recovery in these actions is governed by 1965 Perm.Supp., C.R.S.1963, 71-7-1 et seq. That statute provides for the making of an assessment against a patient at a state institution, his spouse or parents, based upon a determination of their ability to pay, which determination is governed by criteria set forth in the statute.
In order to avoid confusion, we note that this is not a declaratory judgment action in which the parties and the insurance company are seeking an interpretation of the relevant statute or of the relevant insurance policy provisions. Specifically, upon a determination of legal liability of defendants, the issue may arise as to whether the availability of the insurance proceeds may be considered by the state in determining the ability of the defendants to pay under the statute. We do not rule upon this issue.

I
The basic question presented is whether, under the procedures followed by the state, liability had attached to these defendants. That is, in the absence of a determination of defendants' ability to pay *616 and of an actual assessment against them, may the state maintain an action to recover for the costs of the hospital care provided defendants' children?
The statutory language and scheme are unambiguous and require both a determination of the ability of the defendants to pay and an actual assessment against them prior to the filing of any suit by the state for collection of the costs. In regard to collection suits, 1969 Perm.Supp., C.R.S.1963, 71-7-9(4) expressly states:
"In the absence of fraud, said patient, spouse, and parents shall be liable only to the extent of assessments actually made against them respectively in accordance with this article." (Emphasis added.)
However, the state argues that in the absence of a determination of ability to pay or an actual assessment, 1969 Perm. Supp., C.R.S.1963, 71-7-4(1) permits the collection of hospital expenses against the defendants up to the amount of the insurance benefits payable for such expenses. We disagree.
Section 71-7-4(1), when read in context with the remainder of section 4 refers only to the role which insurance proceeds should play in the Department of Institutions' decision relative to its determination of the ability of the patient or relative to pay. Since the parties have stipulated that no such determination of ability to pay and no actual assessment have been made against these defendants, we conclude that the lawsuit was not properly before the trial court. See In re Estate of Randall v. Colorado State Hospital, 166 Colo. 1, 441 P.2d 153; People ex rel. Schauer v. Bozaich, 29 Colo.App. 468, 487 P.2d 597. Futhermore, the trial court correctly determined that collection of the insurance proceeds was not a condition precedent to the determination by the Department of Institutions of the defendants' ability to pay.

II
Relying upon Colo.Const. Art. III and C.R.C.P. 54(d), the state also maintains that the trial court was without jurisdiction to assess court costs against the executive branch of the state, or its officers. The defendants have conceded this point and have agreed to forego their costs.
The case is remanded to the trial court for the amendment of the judgment to delete the award of costs to defendants. The balance of the judgment is affirmed.
SMITH and RULAND, JJ., concur.