**STATE of Colorado, for the Use of COLORADO STATE HOSPITAL, Haydee Kort, M.D., Superintendent, Plaintiff-Appellee,**

v.

**The FIRST INTERSTATE BANK OF DENVER, N.A., as trustee for the Use of Ruth B. TRALLES, Defendant-Appellant.**

No. 85CA1808.

Colorado Court of Appeals,
Div. III.

Aug. 20, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Barbara L. Widick, Asst. Atty. Gen., Denver, for plaintiff-appellee.

White and Steele, P.C., Walter A. Steele, Denver, for defendant-appellant.

TURSI, Judge.

In this action to recover the cost of maintaining a mental health patient, defendant First Interstate Bank of Denver (Bank), testamentry trustee, appeals the trial court's grant of summary judgment to the State of Colorado on behalf of the Colorado State Hospital (the hospital) and the denial of its own summary judgment motion. The motions were submitted on stipulated facts. The Bank argues the trial court erred: (1) by determining the hospital made a valid assessment of the costs pursuant to §§ 27-12-103 and 27-12-104, C.R.S. (1982 Repl.Vol. 11); (2) by disregarding the intent of the settlor and in construing the terms of the trust; and (3) by determining the testamentary trust was liable for the debt based on the settlor's liability. We agree with the Bank's first contention and, therefore, reverse.

Ruth Tralles was a mentally ill adult who was committed to the hospital in August of 1961, where she remained until her death in November 1979 at age sixty nine. Her mother, Margaret Tralles, executed a will in 1962 which provided that one-half of her estate would pass to the Bank and Margaret Kellogg as co-trustees in trust for the benefit of Ruth. It provided:

"My Trustees may use, pay or apply for the benefit of my said daughter so much of the principal and income as in the sound discretion of the Trustees shall be needed to properly care for my said daughter."

It also contained a spendthrift clause which barred assignment to or attachment by any creditor. Three of Margaret Tralles' grandchildren were named to take the remainder of the trust upon the death of Ruth.

In February of 1965, the hospital concluded that based on Margaret Tralles' taxable income, no assessment for Ruth's care would be levied. She died in 1965. Her will was admitted to probate and one-half of her net assets were transferred to the co-trustees in trust for Ruth. Subsequently, Margaret Kellogg resigned as co-trustee leaving the Bank as sole trustee.

On March 8, 1979, the hospital brought this action against Ruth Tralles and the Bank as trustee. It sought recovery of the costs and expenses of the care, treatment, and maintenance of Ruth from May 1, 1964, to date. Ruth died eight months after the action was filed, and was never served process. The case proceeded against the Bank only.

In its motion for summary judgment, the hospital argued that pursuant to § 27-12-101, C.R.S. (1982 Repl.Vol. 11), Ruth was liable for the actual cost of her care at the hospital; that based on Ruth's and the Bank's failure to provide financial information, it determined she had the "ability to pay" the full amount of the costs pursuant to § 27-12-104(6), C.R.S. (1982 Repl.Vol. 11); and that the trial court could order payment from the income and principal of the spendthrift trust created for the benefit of Ruth.

The Bank contended that the hospital was compelled by statute to furnish all the care, treatment, and maintenance needed by Ruth as a mentally ill patient; that it was not the intent of the trust to benefit the hospital; that the trust was a discretionary trust so the fund was not to be used for the benefit of Ruth unless and until the trustee, in its sound discretion, decided the fund was *needed* to care for her properly; and that the trust had a spendthrift clause which made it clear no part of the trust fund should be used to pay any indebtedness or obligation of Ruth. It sought summary judgment on the basis that the hospital's claim contravened the intent of the trust and that, since Ruth had died, the trust assets were the property of the remaindermen.

The trial court granted summary judgment for the hospital on liability. It concluded that, pursuant to § 27-12-101, Margaret Tralles was legally liable for the costs of her daughter's care and that her trust directed the trustee to use income and principal as needed to care for her daughter properly. It further concluded that even with a spendthrift trust, the trustee may be required to pay for the costs and expenses of a beneficiary who is a ward of

the State. The Bank had no objection to the accounting of costs and services for Ruth provided by the hospital, and final judgment was entered against the Bank in its capacity as trustee in the sum of $143,661.48.

The Bank first asserts that there was no valid assessment by the hospital of the costs rendered to Ruth as required by §§ 27–12–103 and 27–12–104. We agree.

■ The hospital contends the Bank as trustee may not raise the issue of the correctness of the assessment and notice of ability to pay since it is not a party who is liable pursuant to § 27–12–101, nor did it appeal the determination pursuant to § 27–12–106, C.R.S. (1982 Repl.Vol. 11). However, since the hospital brought this action against the Bank, in its capacity as trustee for the incompetent, to compel it to pay from the trust based on the assessment, we conclude the Bank can challenge the validity of the assessment.

■ Upon admission to the hospital, a patient, the patient's spouse, or his parents are liable to the hospital for the actual cost of the patient's treatment. Section 27–12–101 (*but see* § 27–12–103(2), C.R.S. (1982 Repl.Vol. 11) regarding limitations on liability of parents); *State v. Schleiger*, 37 Colo. App. 195, 547 P.2d 1295, *aff'd*, 193 Colo. 531, 568 P.2d 441 (1977). However, the determination of ability to pay and the assessment made thereon are conditions precedent to collection, and the hospital may collect only that portion of the liability the patient, spouse, or parents are able to pay. Sections 27–12–103 and 27–12–104; *State v. Schleiger, supra.* Further, the department of institutions is required to determine the ability to pay based on several factors including reportable income, and the willful failure to furnish income tax returns to the department results in a determination of ability to pay the entire cost. Section 27–12–104(2) & (6), C.R.S. (1982 Repl.Vol. 11).

On several occasions the hospital requested financial information to determine Ruth's ability to pay by letters directed to Ruth and the Bank as trustee; however, neither responded. Based on their failure to provide the information, the hospital made a determination that Ruth had the ability to pay the full amount of the costs and expenses of the services rendered pursuant to § 27–12–104(6). At no time during the determination of Ruth's ability to pay was there a guardian appointed to represent her.

The trial court concluded that Ruth's ability to provide information was hampered by her incompetency, but the Bank was able and under an obligation pursuant to the trust to provide the information since the trustee could be required to pay for Ruth's costs and expenses. It also determined that while no evidence of willful failure was presented, the Bank was informed by letter that failure to supply the information would result in full assessment of costs, and the Bank voluntarily chose not to comply. It further determined that the Bank, representing the interests of Ruth as beneficiary, owed a duty to the State to act and provide the information.

The hospital does not contend that the assessment was valid based on Ruth's failure to provide the information nor that the Bank had a statutory duty to provide the information. Rather, the validity of the assessment by the hospital depends on the trial court's determination that the Bank as trustee owed a duty to provide the requested financial information to the hospital.

■ A trustee owes a fiduciary duty to the beneficiaries of the trust. *Wright v. Wright*, 182 Colo. 425, 514 P.2d 73 (1973). Part of that duty is to keep beneficiaries reasonably informed of the trust and its administration and to account to the beneficiaries. Section 15–16–303, C.R.S. (1986 Cum.Supp.). However, the trustee has no similar duty to inform and account to the hospital or to creditors of the beneficiary unless they have acquired a lien on or an interest in the beneficiary's property by virtue of a court proceeding. G. Bogert, *Trusts & Trustees* § 970 (rev. 2d ed. 1983). Creditors of a beneficiary can reach his interest in the trust by levying directly upon the subject matter of the trust or by

garnishing the trustee. Restatement (Second) of Trusts § 147 (1959).

 Here, the hospital did not bring an action to levy against the trust property or garnish the trustee, but rather wrote a letter informing the Bank that Ruth would be assessed the full amount of her care if the Bank did not provide information regarding the trust. Under these circumstances, we conclude the Bank as trustee did not owe a duty to provide an accounting of the trust to the hospital. The Bank was not appointed as conservator or guardian for Ruth but as trustee to manage specific trust assets.

The hospital argues the reasonable and prudent man standard for fiduciaries should have led the Bank to protect Ruth by providing information which could have led to a lesser assessment against her. We reject this contention. It is illogical to argue that the Bank would have been fulfilling its fiduciary duty to Ruth by disclosing her financial information to the hospital when no legal claim for that information had been made.

▪ Furthermore, the statutes imposing liability for the cost of care of patients in mental institutions are in derogation of the common law and, therefore, must be strictly construed in favor of the person against whom their provisions are intended to be applied. *In re Estate of Randall*, 166 Colo. 1, 441 P.2d 153 (1968). Section 27–12–104(6) requires there be a *willful failure* to supply requested income tax returns before a person shall be deemed to have ability to pay the entire cost. The trial court found, and we agree, that there was no evidence of willful failure here. Therefore, the trial court committed reversible error by ruling the assessment was valid.

Lacking a determination of ability to pay and an assessment made thereon, necessary conditions precedent to collection, the trial court erred in entering judgment for the hospital. *State ex rel. Fort Logan Mental Health Center v. Harwood*, 34 Colo.App. 213, 524 P.2d 614 (1974); *People ex rel. Schauer v. Bozaich*, 29 Colo.App. 468, 487 P.2d 597 (1971).

Because of our determination on this issue, we need not reach the defendant's remaining contentions.

The judgment is reversed and the cause is remanded with directions to dismiss.

KELLY and CRISWELL, JJ., concur.