**In re the ESTATE OF Ross Michael CARLSON, protected person.**

**John J. KELLER,
Conservator–Appellant,**

**v.**

**COLORADO STATE HOSPITAL,
Claimant–Appellee.**

**No. 85CA1755.**

Colorado Court of Appeals,
Div. II.

Sept. 10, 1987.

Rehearing Denied Oct. 8, 1987.

Certiorari Denied Feb. 16, 1988.

**994**

Don A. McCullough, Denver, for conservator-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Susan L. Warren, Asst. Atty. Gen., Denver, for claimant-appellee.

METZGER, Judge.

John J. Keller, conservator for Ross M. Carlson (Carlson), appeals a district court judgment granting the claims of the Colorado State Hospital (the hospital) for reimbursement for services it rendered to Carlson. He argues that: 1) Carlson has no present ability to pay, and thus, the hospital's determination of Carlson's ability to pay was invalid; 2) the trial court erred in ordering him to submit all present and future claims to the trustee of Carlson's parents' trusts; and 3) the trial court's order violated Carlson's due process and equal protection rights, because he refused treatment. We affirm.

In July of 1984, Carlson was committed to the hospital until restored to competency in order that he might stand trial on criminal charges pending against him. Once there, the institution prepared a financial questionnaire, in consultation with Carlson, to determine his ability to pay for the costs of his commitment as required by § 27–12–101, C.R.S. (1982 Repl.Vol. 11). Carlson reported that he had minimal personal assets, which were under the control of the conservator. However, the hospital determined that Carlson might have access to medical insurance and to payments from the two trusts of his deceased parents, Rod and Marilyn Carlson.

Accordingly, the hospital sought additional information from Carlson's conservator. It learned that the conservator, as a regular practice, submitted some bills from Carlson's creditors to the trustee of Carlson's parents' trusts for payment. The conservator had also submitted bills to the trustee from lawyers and psychiatrists employed in Carlson's defense. However, the conservator refused to submit bills from the hospital to the trustee or to supply any further information regarding insurance coverage.

Thereafter, the hospital assessed Carlson's ability to pay at the full rate, as authorized by § 27–12–104, C.R.S. (1982 Repl. Vol. 11). The conservator did not appeal this decision, as provided for in § 27–12–106, C.R.S. (1982 Repl. Vol. 11).

When the claims were not paid, the hospital filed a petition for collection and a motion to compel the conservator to submit the claims to the trustee. It also filed a motion to compel the trustee to pay the claims.

After determining that the hospital's claims were valid, the trial court ordered the conservator to pay them as the funds of the conservatorship might permit, and further ordered the conservator to submit the hospital's present and future claims to the trustee for consideration and payment, in the trustee's sole discretion, pursuant to the terms of the trusts. The conservator appeals from that order.

I.

■ The conservator first asserts that Carlson does not have the present ability to pay the hospital's claims and thus the de-

termination of ability to pay was invalid. We hold that the conservator is now precluded from raising this issue because he failed to exhaust the necessary statutory remedies.

Section 27–12–101, C.R.S. (1982 Repl. Vol. 11) confers liability for the actual cost of the care, support, maintenance, and treatment of mentally ill persons committed to state institutions upon the patient or his immediate family. Persons committed pursuant to the criminal code are specifically included. Section 27–12–101(2), C.R.S. (1982 Repl. Vol. 11). Assessments are made according to ability to pay, § 27–12–103(1), C.R.S. (1982 Repl. Vol. 11). Insurance, reportable income, a patient's age, assets, and "other benefits payable for the care, support, maintenance and treatment of a patient" must be considered. Section 27–12–104, C.R.S. (1982 Repl. Vol. 11).

When a determination of ability to pay is made by the department of institutions pursuant to § 27–12–104(2), C.R.S. (1982 Repl. Vol. 11), the person against whom the assessment is made has the right to appeal that determination. Appeals are taken first to the Executive Director of the Department of Institutions and then to the court having jurisdiction over the patient. Section 27–12–106, C.R.S. (1982 Repl. Vol. 11).

Because Carlson was committed to the hospital, he was liable for the costs of his care. The assessment was based upon the statutory criteria. The conservator refused to cooperate in the process and failed to appeal or to seek a readjustment after the determination was made. This failure to comply with and to exhaust statutory remedies precludes later argument on the issue. *Downey v. Department of Revenue*, 653 P.2d 72 (Colo.App.1982). Thus, the trial court did not err in upholding the assessment.

## II.

■ The conservator next contends that the trial court erred in ordering him to submit all present and future claims the hospital might have to the trustee because the conservator cannot force the trustee to pay. We perceive no error in this part of the trial court order.

As is clear from the record, the trustee has absolute discretion in the management of Carlson's parents' trusts. It is equally clear that the trustee has advanced sums on Carlson's behalf to pay for the costs of his defense in the pending criminal proceedings as well as to provide small amenities and a stipend for Carlson's personal use. The trustee should be given the opportunity to exercise his discretion concerning payment for the cost of Carlson's care and treatment. He cannot exercise that discretion until the claims are submitted to him. Consequently, the trial court did not err in ordering the conservator to submit the claims to the trustee. *See State v. First Interstate Bank,* 743 P.2d 449 (Colo.App. 1987).

## III.

■ We also reject the conservator's final assertion that, because Carlson refused treatment at the hospital, the trial court's order requiring submission of the claims to the trustee violates Carlson's due process and equal protection rights. This argument is, in essence, a challenge to the hospital's cost-averaging method of computing its assessments as provided in § 27–12–102, C.R.S. (1982 Repl. Vol. 11).

We hold that a collection action commenced under § 27–12–108, C.R.S. (1982 Repl. Vol. 11) is not the proper forum in which to litigate the methodology underlying the hospital's assessments. Rather, the issue is more properly raised in the appeal procedure set out in § 27–12–106, C.R.S. (1982 Repl. Vol. 11). Since the conservator did not appeal the assessments, he is precluded from raising the issue in this proceeding. *Downey v. Department of Revenue, supra.*

The judgment is affirmed.

SMITH and STERNBERG, JJ., concur.