Carol A. ROMBERG, a/k/a Carole Hinman Romberg, Plaintiff-Appellant and Cross-Appellee,

v.

David R. SLEMON; Anthony J. Mazza; John D. LaSalle; Basalt Associates, a Colorado general partnership; Basalt Development Company, a general partnership; Basalt Commercial Land Company, a general partnership; The Town of Basalt, Colorado; Mountain State Telephone and Telegraph Company, d/b/a Mountain Bell, Defendants–Appellees and Cross–Appellants,

and

Larry Meisner, a/k/a Larry L. Meisner; Diane Meisner; Thunder River Realty Company, a Colorado corporation, John Ruedi; Colorado Midland Railway Company, a dissolved Colorado corporation; E.G. Mallory; L. Collins, et ux; Estate of Lottie Arbaney, Deceased; Frederick S. Arbaney; Lucille Arbaney Nelson, a/k/a Lucille M. Nelson, formerly Lucille M. Arbaney & Lucille May Arbaney Carlson; Fiberchem International B.V., a Netherlands corporation; Riversedge Park, a Colorado joint venture; James F. Alexander; First National Bank in Aspen; Stephen Briggs; John W. Spencer, Jr.; Robert Jack Smith, a/k/a Robert J. Smith; Mary E. Walker, as Public Trustee of Eagle County, Colorado; The State of Colorado; Holy Cross Electric Association, Inc.; and any unknown persons who claim an interest in the subject matter of this action, Defendants–Appellees.

No. 87CA1964.

Colorado Court of Appeals, Div. 1.

July 6, 1989.

Terence J. Quinn, Eagle, Colo., for plaintiff-appellant and cross-appellee.

Austin & Jordan, Ronald D. Austin and Ted D. Gardenswartz, Aspen, Colo., for defendants-appellees and cross-appellants.

T. Peter Craven, Glenwood Springs, Colo., for defendant-appellee and cross-appellant Town of Basalt.

No appearance for defendants-appellees.

HUME, Judge.

Plaintiff, Carol A. Romberg, appeals from the judgment terminating an access easement to a parcel of land (the Romberg tract), which she owns jointly with her sister, Barbara Hinman. Barbara, who was joined as an involuntary plaintiff, does not appeal. Some of the defendants, owners of interests in the adjacent property, cross-appeal the trial court's denial of attorney fees. We affirm.

Carol and Barbara's parents owned the Romberg tract which was served by an access easement they obtained by express grant from the previous owners of the adjacent lands. Carol and Barbara each inherited a one-fourth interest in the Romberg tract and the appurtenant easement from their mother's estate, and Carol purchased her father's half-interest following their mother's death.

In 1978, the adjacent landowners approached Carol concerning a planned subdivision of the adjacent land. They first entered into negotiations concerning the vacation of a portion of the easement, with the remaining easement connecting into a new, paved and dedicated road built to serve the planned subdivision. Later negotiations contemplated the vacation of the entire easement, in exchange for an alternative access to the Romberg tract by way

of a dedicated road and a 40-foot wide driveway. They also agreed to connect the Romberg tract to underground power lines, cable television, and two water lines. The adjacent landowners substantially performed the agreement. However, neither Barbara nor Carol would sign a written agreement releasing their interest in the easement.

Carol brought this action seeking a quiet title decree to the easement, an injunction to remove obstructions in the easement, and for damages for an alleged slander of title occasioned by the subdivider's filing certain platting documents that reflected a purported vacation of the easement.

On defendants' motion to dismiss for failure to join an indispensable party, the court ordered that Barbara be joined as an involuntary plaintiff in the action. The court further ordered that if Barbara did not retain counsel to represent her in the action, a hearing would be held to determine Barbara's alleged incapacity under C.R. C.P. 17(c) and § 15–14–303, C.R.S. (1987 Repl.Vol. 6B). Barbara was then served a summons and a copy of an amended complaint naming her as an involuntary plaintiff. Defendants filed an answer asserting affirmative defenses and counterclaims.

The court appointed a visitor for Barbara and subsequently appointed a guardian ad litem. However, just prior to trial, the court granted the guardian ad litem's motion to withdraw that was premised on his being unable to obtain a professional psychiatric opinion that Barbara was incompetent.

After a trial on the merits, the court determined that the easement had been terminated. The court found that Carol's right to enforce the easement terminated under the following theories: Carol entered into a binding agreement to vacate the easement; Carol was estopped from denying the existence of the agreement; and she abandoned the easement in favor of the dedicated driveway constructed as the result of the agreement. The court further found that Barbara's right to enforce the easement terminated under the following theories: that Carol, as Barbara's agent,

had authority contractually to bind Barbara's interest and that Barbara had defaulted by failing to appear in the action. The court also entered judgment against Barbara and Carol jointly and severally for the costs and expenses incurred by Barbara's guardian ad litem.

## I.

■ Carol contends that the trial court erred in determining that her right to enforce the easement had been terminated. We disagree.

The evidence in the record supports the trial court's finding of an agreement between Carol and defendants concerning the vacation of the easement. The record also demonstrates that the defendants substantially performed the agreement by grading, improving, and dedicating a road and driveway that provided an alternative access to the Romberg tract. These findings are binding on appeal. *See Nicol v. Nelson,* 776 P.2d 1144 (Colo.App.1989).

## II.

■ Carol next contends that the trial court erred in determining that she was an agent for Barbara. We conclude that Carol is precluded from asserting error.

Only parties aggrieved may appeal. *Miller v. Reeder,* 157 Colo. 134, 401 P.2d 604 (1965). Here, Barbara does not appeal the trial court's determination that Carol had authority to bind her. And, we conclude that Carol has no standing to assert such error on appeal.

## III.

■ Carol maintains that the trial court erred in determining that she is liable for Barbara's guardian ad litem's fees. We disagree.

If a petition alleges that a person is incapacitated, a court has authority to determine the reasonable compensation and method of payment for any court-appointed visitor, attorney, guardian ad litem, or physician. *See* § 15–14–303(6), C.R.S. (1987 Repl.Vol. 6B). The court also has the au-

thority to apportion all or any portion of any such fees between the petitioner and the alleged incapacitated person, as it deems just. Section 15–14–303(6), C.R.S. (1987 Repl.Vol. 6B).

Here, in response to defendants' motion to dismiss for failure to join an indispensable party, Carol raised the issue of Barbara's competency and requested that if the court determined that Barbara was an indispensable party, a guardian ad litem should be appointed to represent Barbara's interest. The court appointed a visitor and subsequently appointed a guardian ad litem who participated in the action on Barbara's behalf, until the court determined that Barbara was not incapacitated but that she understood the nature and possible consequences of the litigation and her right to participate actively therein and that, despite these circumstances, she had elected not to appear and participate in the action.

Under these circumstances, we perceive no abuse of discretion in the court's treatment of the issues concerning Barbara's capacity or in its allocation of the costs incurred in determining those issues.

## IV.

■ Some of the defendants cross-appeal, contending that the court erred in denying their claim for attorney fees for an alleged frivolous and groundless claim. We disagree.

■ A trial court may award attorney fees if it finds that the bringing and maintaining of an action was frivolous and groundless. Section 13–17–102, C.R.S. (1987 Repl.Vol. 6A). The trial court's determination whether a claim was frivolous or groundless will not be disturbed on appeal if supported by the evidence. *Schoonover v. Hedlund Abstract Co.*, 727 P.2d 408 (Colo.App.1986). Although attorney fees may be awarded in the discretion of the court, they should not be awarded merely because a party does not prevail. *State Farm Mutual Automobile Insurance Co. v. Sanditen*, 701 P.2d 876 (Colo. App.1985).

Here, Carol's parents had received by an express grant the easement at issue. And, while defendants' affirmative defense of termination of the easement by agreement was strong, Carol asserted that neither she nor her agents agreed to its vacation. Although the trial court found defendants' evidence more credible and persuasive in determining the factual issue, it determined that the claim was not wholly without arguable substance or merit. Thus, we conclude that the court properly determined that plaintiff's complaint was not frivolous or groundless.

■ Moreover, we conclude that Carol's appeal is not frivolous. *See* C.A.R. 38(d). Thus, defendants' request for attorney fees on appeal is denied. *Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo.1984).

Judgment affirmed.

PIERCE and TURSI, JJ., concur.