**DEPARTMENT OF INSTITUTIONS, GRAND JUNCTION REGIONAL CENTER, Petitioner–Appellant,**

v.

**Jenny CAROTHERS, an incapacitated person, Respondent–Appellee.**

No. 90CA0404.

Colorado Court of Appeals, Div. III.

Aug. 15, 1991.

As Modified on Denial of Rehearing . Nov. 14, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for petitioner-appellant.

Holland & Hart, William E. Mooz, Jr., Charles R. Jaeger, Denver, for respondent-appellee.

Opinion by Judge TURSI.

Petitioner, the Department of Institutions, Grand Junction Regional Center, appeals the judgment of the district court sitting in probate in which it awarded attorney fees against petitioner which were incurred on behalf of respondent Jenny Carothers, an incapacitated person. We affirm the judgment.

Jenny Carothers was a developmentally disabled minor who required complete care owing to severe physical and cognitive deficiencies. She resided at the Center, a residence facility for the developmentally disabled which is operated by the department.

In 1987, Jenny's treating doctors at the Center predicted her weakened condition would most likely result in cardiopulmonary failure and that, under the circumstances, resuscitation would be inappropriate. Jenny's parents requested that she not be resuscitated in the event of heart or lung failure, and they instructed petitioner to place a "No Cor" or "do not resuscitate" order in her medical chart. The petitioner and its counsel informed Jenny's parents that the "No Cor order" would not be recognized unless and until the parents were appointed as Jenny's legal guardians and had consented to and approved such an order in that capacity.

The petitioner requested the probate court to appoint Jenny's parents as her legal guardians and that the court confer Jenny's parents with "[t]he full responsibility to give any and all consents or approvals that may be necessary for medical or other professional care, counsel, treatment or service." After appointing a guardian *ad litem* (GAL) and a visitor on Jenny's behalf, the court granted the petition for the parents' appointment as her legal guardians.

On the same day as the filing of the guardianship petition, the petitioner also asked for special instructions pursuant to § 15–14–312(1)(c), C.R.S. (1987 Repl.Vol. 6B), requesting the court to:

"describ[e] the circumstance(s) if any, under which treatment should be withheld and the type of treatment withheld, or enter any order it deems appropriate to clarify the rights and responsibilities of Jenny Carothers, her guardian, and the Department of Institutions."

Petitioner did not dispute the appropriateness of the recommendation to withhold resuscitation in the event of Jenny's cardiac arrest or pulmonary failure. Rather, its petition for special instructions was founded upon its concern that implementation of such a request conflicts with its legislative mandate to provide, and not withhold, life sustaining treatment set out in § 27–10.5–101, et seq., C.R.S. (1989 Repl.Vol. 11B). Also, in light of the discussion in *Cruzan v. Director Missouri Department of Health,* 497 U.S. ——, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990), there was an apparent reluctance on the part of the Center's director to implement a "No Cor order." *See Brophy v. New England Sinai Hospital, Inc.,* 398 Mass. 417, 497 N.E.2d 626 (1986).

In light of the pending petition for special instructions, the court appointed an attorney, *sua sponte,* to represent Jenny's legal interests. Following an evidentiary

hearing on the petition for special instructions, the court ruled that the guardians were authorized to exercise unlimited authority to consent to and approve medical decisions and that Jenny's parents could have consented to and approved a "No Cor order" in the absence of guardianship proceedings. Further, the court ruled that in their capacity as guardians, they could substitute their judgment and consent to, and approve of, a "No Cor order" for Jenny without interference from the court. These rulings have not been appealed and Jenny has since died.

Thereafter, the probate court ruled on a motion for the attorney fees for Jenny's attorneys. It concluded that it had discretion under both § 15–14–303(6), C.R.S. (1990 Cum.Supp.) and § 13–17–102, C.R.S. (1987 Repl.Vol. 6A), to assess attorney fees against petitioner and its counsel, the attorney general, in his representative capacity. The court found that the proceedings initiated by the department and the Center were unnecessary and lacked substantial justification and that an award of joint and several attorney fees against the department and the attorney general, its counsel, was warranted under both statutes.

Petitioner seeks reversal of the judgment for attorney fees, contending that the probate court abused its discretion by appointing counsel to represent Jenny and in awarding attorney fees. The attorney general has not appealed the judgment.

## I.

Initially, we disagree with petitioner's contention that Jenny's interests were adequately represented by the visitor and GAL and that, therefore, the probate court abused its discretion by appointing an attorney pursuant to § 15–14–303(5)(b), C.R.S. (1987 Repl.Vol. 6B).

■ In a guardianship proceeding involving an incapacitated person who is not represented by counsel, the probate court is required to appoint a visitor to investigate and evaluate the circumstances giving rise to the petition. Section 15–14–303, C.R.S. (1987 Repl.Vol. 6B). Moreover, the court possesses broad discretion to appoint an

attorney for the incapacitated person if it determines that his rights and interests cannot otherwise be adequately protected or represented. Section 15–14–303(5)(b).

■ Significantly, the authority to appoint legal counsel does not limit the probate court's power to appoint a GAL. Section 15–14–303(5)(c), C.R.S. (1987 Repl.Vol. 6B).

■ A visitor functions as a disinterested investigator and evaluator on behalf of the probate court. Section 15–14–308, C.R.S. (1990 Cum.Supp.). The GAL's primary obligation is to act as a special fiduciary and to make informed decisions for the incapacitated person, while an attorney must counsel and represent the incapacitated person's legal interests. Section 15–14–314, C.R.S. (1990 Cum.Supp.); see *People in Interest of M.M.*, 726 P.2d 1108 (Colo. 1986).

■ Here, it is undisputed that Jenny did not understand the nature and significance of the proceeding, could not make decisions on her own behalf, and did not possess the ability to communicate with and act on the advice of counsel. It is also uncontested that Jenny's GAL did not undertake representation of her legal interests which, in a proceeding instituted to gain permission to withhold life sustaining treatment, was an overriding concern.

Under these circumstances, the probate court did not abuse its discretion when it determined that Jenny's various interests would best be served by appointing legal counsel in addition to a GAL in the guardianship proceeding. See *People in Interest of M.M., supra.* Therefore, we will not disturb its determination upon review. See *In re Marriage of Zebedee*, 778 P.2d 694 (Colo.App.1988).

## II.

Petitioner next contends that, even if the appointment of an attorney to represent Jenny were proper, the probate court abused its discretion by holding petitioner liable for payment of Jenny's attorney fees. Petitioner does not challenge the authority

of the court to award attorney fees against a state agency, rather it specifically asserts that, in light of its requirement to render treatment, it had no option but to file a petition requesting special instructions concerning the withholding of life sustaining treatment. Therefore, it argues that the award of attorney fees incurred during the prosecution of the petition for special instructions concerning a matter of first impression was unjust. As postured before us, and limited to the judgment's propriety here under § 15–14–303, we disagree.

In a guardianship proceeding, the probate court possesses the authority to determine the reasonable compensation and method of payment for any court-appointed attorney. Moreover, upon finding that the petitioner can afford to pay such fees, the court may, in its discretion, charge "all or any portion of any such fees to the petitioner ... as it deems just under the circumstances." Section 15–14–303(6), C.R.S. (1987 Repl.Vol. 6B); *Romberg v. Slemon*, 778 P.2d 315 (Colo.App.1989).

While we cannot say, as applicable to the fee here assessed against the executive branch of the government, that the statute unambiguously grants that power to the judiciary, *see* C.R.C.P. 54(d); *State ex rel. Fort Logan Mental Health Center v. Harwood*, 34 Colo.App. 213, 524 P.2d 614 (1974), nevertheless, we are unable to say the court abused its discretion in assessing attorney fees against the petitioner. *See Lee v. Colorado Department of Health*, 718 P.2d 221 (Colo.1986); *C.R.A.H. v. P.M.M.*, 647 P.2d 239 (Colo.App.1981).

### III.

Petitioner next contends that the probate court abused its discretion by awarding an unreasonable amount of fees.

The determination of the reasonableness of fees is a question of fact, and such determination will not be disturbed upon review unless it is patently erroneous and unsupported by the record. *Tucker v. Ellbogen*, 793 P.2d 592 (Colo.App.1989). Hence, because substantial evidence here does support the probate court's award, it will not be disturbed on review.

### IV.

Petitioner additionally contends that the probate court erred in finding that its action was frivolous because the issue presents a good faith effort to establish a new theory. *See* § 13–17–102(7). *See also Ace Title Co., Inc. v. Casson Construction Co.*, 755 P.2d 457 (Colo.App.1988) (claim for attorney fees because of frivolous action on a matter of first impression in which there is conflicting authority is itself suspect as frivolous).

However, inasmuch as we find no error in the probate court's awarding attorney fees against the petitioner under § 15–14–303(6) and inasmuch as the judgment against the attorney general in his representative capacity has not been appealed, we need not address whether the court erred in awarding attorney fees pursuant to § 13–17–102.

We conclude that petitioner's appeal is not frivolous and, therefore, respondent's request for attorney fees incurred in the defense of this appeal is denied.

Further, we are unpersuaded that petitioner's request for attorney fees pursuant to § 15–14–303(6) may properly be awarded by this court. *See People v. District Court*, 808 P.2d 831 (Colo.1991); *People in Interest of A.L.B.*, 683 P.2d 813 (Colo.App. 1984). *See also* Colo.Sess.Laws 1984, ch. 107, § 13–16–121 at 462 (repealing prior authority to assess attorney fees against public entities). Colo.Sess.Laws 1977, ch. 189, § 13–16–121 at 796.

The judgment awarding attorney fees to respondent and against the petitioner and the attorney general, jointly and severally, is affirmed.

CRISWELL and PLANK, JJ., concur.