Pamla BIEL, Individually and as Next Friend of April Biel, a Minor; Jeremiah Biel, a Minor; and Jason Maruffo, a Minor Decedent, Plaintiff–Appellant and Cross–Appellee,

v.

Maxine Cutts ALCOTT, Individually and doing business as Abloom Flower Shop, Defendant–Appellee,

and Jeri A. Dayton, Defendant–Appellee and Cross–Appellant.

Nos. 92CA1751, 92CA1771.

Colorado Court of Appeals, Div. III.

Dec. 30, 1993.

Rehearing Denied Feb. 3, 1994.

Certiorari Denied July 11, 1994.

Harding & Ogborn, James M. Edwards, Denver, for plaintiff-appellant and cross-appellee.

Deisch, Marion & Breslau, P.C., Michael B. Marion, Gregory K. Falls, Denver, for defendant-appellee.

Ramirez & MacLennan, Trevor J. MacLennan, Denver, for defendant-appellee and cross-appellant.

Opinion by Judge HUME.

Plaintiff, Pamla Biel, individually and as next friend of her children, appeals the summary judgment entered in favor of defendant, Maxine Alcott, individually and d/b/a Abloom Flower Shop (Abloom). In an appeal consolidated with that of plaintiff, defendant, Jeri Dayton, challenges the judgment dismissing her cross-claim against Alcott. We affirm.

Alcott stored a small box of wine at Abloom for business purposes and maintained a policy that Abloom's employees were not to consume the wine. As an employee of Abloom, Dayton was aware of that policy, but nevertheless she drank the wine and became intoxicated on a day when she was alone in the flower shop.

Dayton drove home after consuming the wine, without incident. However, she later was driving for a personal purpose when she ran a red light and hit plaintiff's vehicle broadside. A blood test indicated that Dayton was legally intoxicated at the time of the accident.

Plaintiff sued Dayton for negligent operation of her automobile. The claim against Dayton is not involved in this appeal.

Plaintiff also sued Alcott, asserting that she had been negligent in supervising Dayton. Dayton also cross-claimed against Alcott asserting that she had been negligently supervised during the course and scope of her employment at Abloom.

On motion, the trial court entered the judgments at issue here and certified them for review pursuant to C.R.C.P. 54(b).

## I. Plaintiff's Claims

### A.

■ Plaintiff first contends that there is a material dispute as to whether Alcott should have known that Dayton's conduct could subject others to an unreasonable risk of harm and that, therefore, summary judgment was improper. We disagree.

Summary judgment is appropriate if there is no genuine issue of material fact in dispute which might affect the outcome of the case. The non-moving party is entitled to all favorable inferences from the evidence. *Peterson v. Halsted*, 829 P.2d 373 (Colo.1992).

■ An employer may be liable for acts of an employee that the employer knew or had reason to know were likely to subject third persons to an unreasonable risk of harm. This may be so regardless of whether the employee was acting within his or her scope of employment. *Destefano v. Grabrian*, 763 P.2d 275 (Colo.1988); *Moses v. Diocese of Colorado*, 863 P.2d 321 (Colo.1993).

The nature of circumstances that may demonstrate an employer's "reason to know" that an employee's conduct is likely to subject third persons to undue harm has not been specifically defined in Colorado. Our supreme court, however, has applied the Restatement of Agency (Second) § 213 (1958) to other negligent supervision cases. *See Destefano v. Grabrian, supra; Moses v. Diocese of Colorado, supra.*

Restatement of Agency (Second) § 213 comment d (1958) states in relevant part that:

Liability results ... not because of the relation of the parties, but because the employer *antecedently* had reason to believe that an undue risk of harm would exist.... (emphasis added)

Further, other jurisdictions have applied a rule based upon whether an employer knew or should have known that an employee presented an undue risk of harm to others because of the employee's prior actions. *See Dempsey v. Walso Bureau, Inc.*, 431 Pa. 562, 246 A.2d 418 (1968) (no prior reports of employee misconduct); *Abraham v. S.E. Onorato Garages*, 50 Haw. 628 and 639, 446 P.2d 821 (1968) (no evidence that employer was aware of employee's prior misconduct).

Here, it is undisputed that neither Alcott nor Dayton's co-workers knew that Dayton had consumed wine on the day in question or at any other time. Nor is there any evidence that Alcott was aware whether Dayton had a history of alcohol-related problems. Accordingly, the trial court properly determined

that Alcott did not know or have reason to know that Dayton's condition or conduct presented an unreasonable risk of harm to others.

■ Further, since the trial court decided the issue of liability as a matter of law, we are not bound by its conclusion. *Maltby v. J.F. Images, Inc.,* 632 P.2d 646 (Colo.App. 1981). Therefore, we address an alternative ground in support of the trial court's ruling.

■ The law must impose a duty of care before a defendant can be found negligent. The existence of such a duty is a question of law. *Connes v. Molalla Transport System, Inc.,* 831 P.2d 1316 (Colo.1992).

■ An employer generally does not have a duty to supervise employees in their off-duty time unless the employee is on the employer's premises or possesses the employer's property. *D'Amico v. Christie,* 71 N.Y.2d 76, 524 N.Y.S.2d 1, 518 N.E.2d 896 (1987); *Bruce v. Chas Roberts Air Conditioning, Inc.,* 166 Ariz. 221, 801 P.2d 456 (App.1990); Restatement (Second) of Torts § 317, comment b (1965).

■ Here, Dayton was not on Abloom's premises and was driving her own vehicle for purposes unrelated to her employment when the accident occurred. Accordingly, we conclude Alcott owed no duty to plaintiff, and therefore, summary judgment was properly granted.

■ Plaintiff also contends that the trial court erred in dismissing her claim for negligent infliction of emotional distress. We disagree.

Since negligent infliction of emotional distress must be predicated upon a viable claim that defendant negligently violated a legal duty of care owed to plaintiff, we perceive no error in the trial court's dismissal of this claim. *Slovek v. Board of County Commissioners,* 697 P.2d 781 (Colo.App.1984); *see Towns v. Anderson,* 195 Colo. 517, 579 P.2d 1163 (1978).

### B.

Plaintiff next contends that the trial court abused its discretion in determining that there was no just reason for delaying certification of the order as final pursuant to C.R.C.P. 54(b). We disagree.

■ Whether there was just reason for delay in the entry of the final judgment rests within the sound discretion of the trial court. A reviewing court will find that the trial court abused its discretion only if its conclusion was clearly unreasonable. *Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

■ Here, we conclude that the claims are not so interrelated as to preclude entry of a final and appealable partial judgment. The entry of partial judgment did not impair or impede efficient judicial administration. *See Lytle v. Kite,* 728 P.2d 305 (Colo.1986). Accordingly, the trial court did not abuse its discretion by certifying its judgment in favor of Alcott as final.

### II. Dayton's Cross–Claims

#### A.

■ Defendant Dayton contends that the trial court erred in granting summary judgment against plaintiff. However, because only parties adversely affected by a judgment may appeal it, we conclude that Dayton is precluded from raising this issue. *See Romberg v. Slemon,* 778 P.2d 315 (Colo.App. 1989).

■ Consolidation of actions does not merge the actions into one and thereby make each a party to the other's action. *Mission Viejo Co. v. Willows Water District,* 818 P.2d 254 (Colo.1991).

■ Hence, Dayton may not challenge the summary judgment entered against plaintiff in favor of her co-defendant.

#### B.

Lastly, Dayton contends that the trial court erred in dismissing her cross-claim against Alcott for negligent supervision and, alternatively, for contribution pursuant to § 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A). We disagree.

Although it referenced the parties' pleadings and its order granting summary judgment in favor of Alcott, the trial court made

no findings in dismissing Dayton's cross-claim.

The requirement of specific findings of fact and conclusions of law is designed to provide an adequate basis for appellate review of a trial court's judgment. *See In re Marriage of Van Inwegen,* 757 P.2d 1118 (Colo.App.1988). However, an appellate court will not remand an action to the trial court if it reaches the right result by incorrect reasoning or, as in this case, by not articulating its reasoning. *See Zigan Sand & Gravel, Inc. v. Cache La Poudre Water Users Ass'n,* 758 P.2d 175 (Colo.1988).

Here, Dayton seeks to hold Alcott negligent for failing to prevent her from becoming intoxicated at work. We find no support for Dayton's contention that § 12–47–128.5, C.R.S. (1991 Repl.Vol. 5B), imposes such a duty on an employer who is neither an innkeeper nor a social host. Dayton provides no other convincing legal authority, and we are not aware of any, to support her argument that an employer owes an employee a common law duty in this regard.

An appealing party bears the burden to provide supporting authority for contentions of error asserted on appeal, and a failure to do so will result in an affirmation of the judgment. *Westrac, Inc. v. Walker Field,* 812 P.2d 714 (Colo.App.1991). Therefore, we decline to disturb the trial court's dismissal of Dayton's cross-claim.

Those portions of the judgment dismissing plaintiff's claim and Dayton's cross-claims against Alcott are affirmed.

METZGER and PLANK, JJ., concur.