F I L E D
United States Court of Appeals
Tenth Circuit

APR 18 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

PAMELA L. ANDERSON,

     Plaintiff - Appellant,

v.

ADAM'S MARK HOTELS AND
RESORTS, a division of HBE
Corporation; RICK PISONERO,

     Defendants - Appellees.

No. 99-1100
(D.C. No. 98-D-1782)
(D.Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MURPHY** and **McWILLIAMS**, Circuit Judges, and **ROGERS**, Senior District
Judge.[**]

_____

     Plaintiff, Pamela Anderson, has sued Adam's Mark Hotels and Rick Pisonero in this

case which was filed in Colorado state court and removed to federal court by Adam's Mark.

A default judgment was taken against Pisonero. This appeal stems from rulings in favor of

defendant Adam's Mark which dismissed the complaint against the defendant hotel and

denied plaintiff the opportunity to amend the complaint to add a new cause of action.

_____

     [*]This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. The court generally disfavors the citation
of orders and judgments; nevertheless, an order and judgment may be cited under the terms
and conditions of 10th Cir.R. 36.3.

     [**]The Honorable Richard D. Rogers, Senior United States District Judge for the
District of Kansas, sitting by designation.

The complaint alleges that plaintiff was employed as a bartender at Adam's Mark Hotel in Denver. Her supervisor was a man named Bob Randall. Rick Pisonero, the defendant who defaulted, was employed by Adam's Mark as manager of the hotel's night club. The complaint does not allege that Pisonero was plaintiff's supervisor. The complaint alleges that on April 3, 1998, plaintiff, Pisonero and a group of friends went out after work for drinks at Duffy's Restaurant. Plaintiff was concerned, after having a number of drinks, whether she could drive home safely. Pisonero offered to share his room at Adam's Mark with plaintiff. He took plaintiff to his room and sexually assaulted plaintiff. Plaintiff reported the crime to a Denver hospital the next morning and to Adam's Mark the following day. Adam's Mark then terminated Pisonero's employment. Prior to the sexual assault, Adam's Mark had received at least three reports concerning sexual harassment by Pisonero while he was employed there. Pisonero had been reprimanded by the company for sexual harassment and for violating company policy with regard to supervisors attempting to date employees.

Plaintiff sued defendant Adam's Mark for: violating Title VII, 42 U.S.C. § 2000e; negligent supervision under Colorado law; and outrageous conduct, also under Colorado law. Plaintiff later attempted to amend the complaint to bring a claim under the Gender Motivated Violence Act (GMVA), the civil liability provision of the Violence Against Women Act (VAWA), 42 U.S.C. § 13981.

The district court granted defendant Adam's Mark's motion to dismiss pursuant to

FED.R.CIV.P. 12(b)(6) essentially because plaintiff did not allege that the sexual assault was employment-related and because Adam's Mark's alleged conduct could not be considered outrageous.[1]

The district court denied plaintiff's motion to amend the complaint to add a claim under the GMVA on the grounds that the Act only provides for liability against the actual perpetrator of the crime.

A decision to dismiss for failure to state a claim is reviewed de novo. Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). We review the district court's decision that the motion to amend plaintiff's complaint was futile for abuse of discretion. Hom v. Squire, 81

---

[1] The district court stated with regard to the Title VII and negligent supervision claims:

> In the case at hand, the alleged sexual harassment occurred outside of Plaintiff's workplace after work hours. Plaintiff does not allege that Pisonaro's harassment affected the "terms or conditions" of her employment. Further, it has not been shown that sexual harassment resulted in an abusive working environment for Plaintiff . . . .
>
> I also reject Plaintiff's claim that defendant's breach of its duty to adequately supervise its employee, defendant Pisonaro, caused damages to the Plaintiff. An employer "generally does not have a duty to supervise employees in their off-duty time unless the employee is on the employer's premises . . . ." Biel v. Alcott, 876 P.2d 60, 63 (Colo.App. 1993) . . . Plaintiff does not allege in her Complaint that any of the activities leading up to and including the sexual assault occurred during working hours or on the employer's premises. I further find that the "employer's premises" for purposes of Defendant's duty to supervise cannot extend to Defendant's hotel rooms since Defendant's representatives cannot freely enter and thus adequately supervise Defendant's employees under such conditions.

App. at 027-028.

F.3d 969, 973 (10th Cir.1996).

Dismissal under Rule 12 (b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). The court is not allowed to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated General Contractors v. California State Council of Carpenters, 459 U.S. 519, 526 (1983)(footnote omitted). Of course, dismissal is a harsh remedy which should be considered cautiously to promote the liberal rules of pleading while protecting the interests of justice. Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1359 (10th Cir. 1989).

Upon careful review, we shall affirm the district court for the reasons which follow..

Title VII

There is no claim in this case that the alleged sexual assault was an action within the scope of Pisonero's employment by Adam's Mark. But, as the Supreme Court has stated: "In limited circumstances, agency principles impose liability on employers even where employees commit torts outside the scope of employment. The principles are set forth in the much cited § 219(2) of the Restatement [(Second) of Agency]:

'(2) A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless:

4

'(a) the master intended the conduct or the consequences, or

'(b) the master was negligent or reckless, or

'(c) the conduct violated a non-delegable duty of the master, or

'(d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation.'"

Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 758 (1998).

Here, plaintiff attempts to state a claim under exception "b," asserting that defendant failed to exercise reasonable care "to protect [against] and correct the sexual harassing behavior of Mr. Pisonero." But, no facts could be demonstrated consistent with plaintiff's other allegations which would prove such negligence. Pisonero was not plaintiff's supervisor. The alleged assault did not occur while plaintiff or Pisonero were at work. Nor were the events leading up to the assault work-related. Rather, plaintiff and Pisonero were with friends after work for drinks at a restaurant. There is no allegation that Adam's Mark had notice or should have expected that, as an employer or even as an innkeeper, a sexual assault was going to be committed in one of its rooms by an off-duty employee. The statement that Adam's Mark had at least three prior reports of sexual harassment on the job and had reprimanded Pisonero is inadequate to assert a claim of negligence under these circumstances.

Negligent supervision

Citing Biel v. Alcott, 876 P.2d 60, 63 (Colo.App. 1993), the district court found that

Adam's Mark did not have a duty to supervise Pisonero during his off-duty time in a room where Adam's Mark could not freely enter. We concur. See Restatement (Second) of Torts § 317 (1965)(cited in Biel) (duty of master to prevent servant from causing intentional harm while acting outside the scope of his employment extends to premises in possession of master or upon which the servant is privileged to enter only as his servant). Although the room was part of the Adam's Mark Hotel, Adam's Mark did not have complete authority to police the room and the activities inside, nor was Pisonero privileged to enter the room only as an employee of Adam's Mark. Additionally, plaintiff's complaint does not allege that Adam's Mark had reason to know that Pisonero would cause the kind of harm alleged in this case in the room. Accordingly, there is no claim that Adam's Mark failed to exercise reasonable care. For these reasons, we affirm the dismissal of plaintiff's claim of negligent supervision.

Gender Motivated Violence Act

The final issue on appeal is whether it was correct to deny plaintiff's motion to amend the complaint to raise a claim under the GMVA. The district court held that any such amendment would be futile because plaintiff did not allege that Adam's Mark was a "person" who committed the crime of violence against her.

GMVA was enacted to protect the civil rights of victims of gender-motivated violence by establishing a federal civil rights cause of action for victims of such violence. 42 U.S.C. § 13981(a). The statute provides for a civil cause of action against "[a] person . . . who commits a crime of violence motivated by gender. . ." 42 U.S.C. § 13981(c).

The futility of the proposed amendment is based on the same grounds relied upon to dismiss the previously discussed claims. To be liable, Adam's Mark must be the "person" who committed the crime of violence motivated by gender. However, there is nothing in the complaint on which to base such a finding. There is either no allegation or the facts alleged are inconsistent with a contention that: Pisonero was acting within the scope of his employment; that his conduct was intended or directed by Adam's Mark; that Adam's Mark was negligent or reckless in supervising Pisonero; or that Pisonero's alleged conduct was even reasonably foreseeable to Adam's Mark. Consequently, the district court did not abuse its discretion in denying the motion to amend. See Grace v. Thomason Nissan, 76 F.Supp.2d 1083, 1088-89 (D.Ore. 1999).

In so ruling, we do not reach Adam's Mark's contention that the GMVA is unconstitutional.

In conclusion, the order of the district court is affirmed.

Entered for the Court
Richard D. Rogers
District Judge

7