Gladys B. MESSLER, Plaintiff–Appellee
and Cross–Appellant,

v.

Sandra PHILLIPS, d/b/a Phillips and
Associates, Defendant–Appellant
and Cross–Appellee.

No. 91CA0212.

Colorado Court of Appeals,
Div. V.

Oct. 7, 1993.

Rehearing Denied Dec. 16, 1993.

Jay Stuart Radetsky, P.C., Jay Stuart Radetsky, Celia J. Foegen, Denver, for plaintiff-appellee and cross-appellant.

David B. Savitz, Berenbaum & Weinshienk, P.C., Amy Therese Loper and Mark A. Redmiles, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge HUME.

In this action premised on claims for fraud, negligence, and theft in regard to a real estate transaction, defendant, Sandra Phillips, doing business as Phillips and Associates, appeals the trial court's judgment finding her to be negligent and awarding compensatory and exemplary damages to plaintiff, Gladys V. Messler. Initially, plaintiff also cross-appealed the trial court's failure to award her prejudgment interest and costs against defendant. However, those issues have been rendered moot by the supplemental orders entered by the trial court during our previous limited remand. We affirm in part, reverse in part, and remand with directions.

Defendant entered into a listing contract to act as plaintiff's real estate broker for the sale of her home and the concurrent purchase of a townhome from Lockley Investment Corporation, for which defendant was also the exclusive listing broker. The contract to purchase the townhome was contingent on the sale of plaintiff's home. At the concurrent closings, defendant was present when plaintiff endorsed a proceeds check from the sale of her home directly to developer John Lockley in payment for the townhome.

The townhome was part of a multi-unit development that was subject to certain liens and encumbrances; however, no payment was made to release these encumbrances as they related to the townhome, no title insurance coverage for the townhome was procured, and no deed for that property was delivered or recorded as called for by the purchase contract. Lockley cashed the proceeds check and left Colorado. Subsequently, the property went into foreclosure.

Plaintiff sued both defendant and Lockley alleging negligence, fraud, and theft. Defendant cross-claimed against Lockley for indemnification. Lockley filed answers to plaintiff's complaint and defendant's cross-claim, but failed to appear at trial.

The trial court entered default judgment against Lockley on each of plaintiff's claims. After a bench trial, it also determined that defendant was negligent and awarded compensatory damages equivalent to the purchase price paid by plaintiff, plus attorney fees and costs, jointly and severally between defendant and Lockley. The court also awarded plaintiff exemplary damages against defendant in an amount equal to the compensatory damage award.

In initially addressing these appeals, we determined that the challenged trial court judgment was not final because defendant's cross-claims against Lockley remained unresolved and plaintiff's judgment against defendant had not been certified pursuant to C.R.C.P. 54(b). Therefore, we remanded the cause to the trial court with directions to conduct further proceedings and, in its discretion, to consider issues it deemed appropriate, so as to enable it to render a final decision as to all issues, or to enter a C.R.C.P. 54(b) certification.

Thereafter, the trial court heard additional argument, issued a supplemental order containing findings of fact and conclusions of law, and certified its judgment pursuant to C.R.C.P. 54(b).

## I.

Defendant first contends that the trial court erred in directing entry of a final judgment pursuant to C.R.C.P. 54(b) on plaintiff's claims against defendant without also disposing of defendant's cross-claims against Lockley. We disagree.

When more than one claim for relief is presented, or when multiple parties are involved in an action, the court may enter a final judgment as to less than all asserted

claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of final judgment. C.R.C.P. 54(b).

■ It is within the trial court's discretion to determine whether there is just reason for delay, and such determination will not be disturbed absent an abuse thereof. The trial court's assessment of equities will be disturbed only if its conclusion was clearly unreasonable. *Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

Here, the trial court recognized that defendant's cross-claims against Lockley remained outstanding but found there was no just reason for delay. Noting that the plaintiff is an elderly woman and that the case had been pending since 1988, the court concluded that further delay would damage plaintiff.

Under those circumstances, we perceive no abuse of discretion in the court's directing the entry of a final judgment in favor of plaintiff against both defendant and Lockley while reserving the indemnity issue for later determination.

## II.

Defendant next contends that the trial court erred in determining that she negligently breached a duty of care to the plaintiff. We disagree.

The trial court found that defendant breached a fiduciary duty she owed to plaintiff in her role as broker/agent at both closings by allowing the proceeds check for the purchase of plaintiff's house to be endorsed solely to Lockley without ensuring that plaintiff received title insurance and a deed conveying title to the townhome as called for by the terms of the contract. The trial court found that defendant did not disclose to plaintiff that she was acting as Lockley's agent as listing broker for the townhome and that she could not represent plaintiff's interests in that closing without a written authorization from both principals to act as a dual agent. Rather, defendant told plaintiff that she would represent plaintiff's interests at both closings, without differentiating between whom she represented at each closing.

In so doing, she negligently misrepresented what she could or would do on plaintiff's behalf.

We reject the trial court's finding that defendant had a fiduciary duty to plaintiff with respect to the sale of Lockley's townhome; however, we agree with the trial court's underlying finding that defendant breached a duty of care to the plaintiff.

■ General agency principles allow an agency relationship to be established by the conduct of the parties as principal and agent. Such a relationship, however, cannot arise by implication between a purchaser and a real estate broker or salesperson if the real estate broker or salesperson also represents the seller. *Stortroen v. Beneficial Finance Co.,* 736 P.2d 391 (Colo.1987).

■ Under Colorado law and Real Estate Commission rules, in order for a real estate broker to represent both the seller and buyer in a transaction, the broker must put the agency agreement in writing, and the seller and purchaser both must sign it. Section 12–61–113(1)(d), C.R.S. (1991 Repl.Vol. 5B); Real Estate Commission Rule E–32, 4 Code Colo.Reg. 725–1. If there is no such written agreement, the agent is considered only the agent of the seller. *Stortroen v. Beneficial Finance Co., supra.* The fiduciary duty owed by defendant as a broker, then, is inapplicable in this case.

■ However, real estate brokers have been held accountable for failure to deal fairly and honestly with a purchaser while serving as the seller's agent. *Rohauer v. Little,* 736 P.2d 403 (Colo.1987). We conclude that defendant's negligent misrepresentation of her ability to represent plaintiff's interests constitutes a violation of the broker's duty of honesty and fair dealing.

■ Negligent misrepresentation may occur if:

(1) One who, in the course of his business, profession or employment, ... supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable

care or competence in obtaining or communicating the information.

(2) ... [T]he liability stated in Subsection (1) is limited to loss suffered

(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

Restatement (Second) of Torts § 552 (1977). *See First National Bank v. Collins,* 44 Colo. App. 228, 616 P.2d 154 (1980) (adopting Restatement § 552).

The standard for negligent misrepresentation considers the care and competence of the actor, who "must utilize with reasonable attention and caution not only those qualities and facilities which as a reasonable [person he or she] is required to have, but also those superior qualities and facilities which [the actor] has." Restatement (Second) of Torts § 298 comment d (1965).

Here, defendant's representations implied that she would exercise the level of care that a reasonable real estate broker or salesperson would use in overseeing a closing for a purchaser. We conclude the trial court did not err in determining that defendant assumed a duty of care by these affirmative assertions and that she breached the standard of care applicable to her actions.

■ Further, even though defendant did not formally contract to act as plaintiff's agent for the purchase of the townhome, she may nevertheless be held responsible for violation of an assumed duty of care in representing plaintiff's interests in the townhome closing.

■ An assumed duty may arise if 1) a defendant promises or undertakes affirmative acts to render a service to the plaintiff that was reasonably calculated to prevent the type of harm that befell plaintiff, and 2) plaintiff relies on the defendant to perform the service or defendant's undertaking increased plaintiff's risk. *Jefferson County*

*School District R–1 v. Justus,* 725 P.2d 767 (Colo.1986).

■ The scope of an assumed duty is limited to the service undertaken. *Jefferson County School District R–1 v. Justus, supra.* The standard of care, however, as in the case for negligent misrepresentation, is related to the care and competence of the actor. Restatement (Second) of Agency § 379 (1958).

Here, defendant told plaintiff and her relatives that she would look after plaintiff's interests at both closings, and she assured plaintiff's relatives they did not need to attend. Thus, we perceive no error in the trial court's determination that defendant assumed a duty of care by her promises that she would represent plaintiff's interests at the townhome closing and that she subsequently breached the duty she purported to assume.

■ We reject defendant's contention that § 13–21–116, C.R.S. (1987 Repl.Vol. 6A) precludes an award of civil damages for her voluntary services to plaintiff.

The stated purpose of § 13–21–116 is:

to encourage the provision of services or assistance by persons on a voluntary basis *to enhance the public safety* rather than to allow judicial decisions to establish precedents which discourage such services or assistance to the detriment of *public safety.*

Section 13–21–116(1) C.R.S. (1987 Repl.Vol. 6A) (emphasis added).

We conclude that § 13–21–116 is inapplicable here because defendant's actions did not pertain to "public safety" and were not performed gratuitously as an act of a good samaritan. Rather, the actions were undertaken in order to receive compensation in the form of real estate brokerage commissions.

### III.

■ Defendant further contends that Lockley's acts constituted an intervening event which relieved her from liability. However, because she raises this issue for the first time on appeal, we decline to ad-

dress it. *First National Bank v. Union Tavern Corp.*, 794 P.2d 261 (Colo.App.1990).

## IV.

■ Defendant next contends the trial court erred in awarding exemplary damages. She argues that, pursuant to § 13–21–102(1)(a), C.R.S. (1987 Repl.Vol. 6A), it is solely within the province of the jury to award such damages and that judicial decisions interpreting § 13–21–102(1)(a) to the contrary are no longer valid because they predate an amendment to that statute. We disagree.

■ A statute which is reenacted or amended is intended to be a continuation of the prior statute and, insofar as it remains unchanged, it is not a new enactment. Section 2–4–208, C.R.S. (1980 Repl.Vol. 1B). Also, by reenacting a statute without change, the General Assembly is deemed to have approved judicial construction previously placed upon the statute. *Rauschenberger v. Radetsky*, 745 P.2d 640 (Colo.1987).

Here, the amendment did not alter the language upon which defendant relies. Thus, prior judicial construction of the statute remains valid.

Further, an award of exemplary damages rests in the discretion of the trier of fact, be that the jury or the trial court. *Mince v. Butters*, 200 Colo. 501, 616 P.2d 127 (1980).

■ Alternatively, defendant asserts that the trial court erred as a matter of law in finding her conduct willful and wanton. We disagree.

Exemplary damages may be awarded if the "injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Section 13–21–102(1)(a), C.R.S. (1987 Repl.Vol. 6A). The sufficiency of evidence to support such an award is a question of law. *Mince v. Butters, supra.*

Willful and wanton conduct means "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." Section 13–21–102(1)(b), C.R.S. (1987 Repl.Vol. 6A).

This definition has been interpreted to include conduct that "creates a substantial risk of harm to another and is purposefully performed with an awareness of the risk in disregard of the consequences." *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 215 (Colo. 1984).

Here, the evidence reflects that defendant was a licensed and experienced practicing real estate broker who had participated in real estate board activities relating to conduct and standards for persons in the real estate profession and that she was aware of the reasons and purposes for closing requirements in real estate transactions. Thus, we conclude there was ample evidence to support a finding that her conduct was purposeful and was performed with such heedless and reckless disregard of known risks to plaintiff's rights as to evidence a wrongful motive.

## V.

■ Defendant next contends that the trial court erred in imposing joint and several liability, rather than apportioning fault between the defendants. We agree.

Section 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A) provides:

(1) In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault *attributable to such defendant* that produced the claimed injury. . . .

(2) The jury shall return a special verdict, or, in the absence of a jury, the court *shall* make special findings determining the percentage of negligence or fault attributable to each of the parties. . . . The entry of judgment *shall* be made by the court based on the special findings, and no general verdict shall be returned. . . .

. . . .

(4) Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act. . . . (emphasis added)

The trial court found that plaintiff's loss would not have occurred without the defendant's acting in concert with Lockley and that their actions were so intertwined as to make apportionment of fault impossible. It supported this finding by relying on the defendant's romantic involvement with Lockley and their acting together to deliver the proceeds from the sale of plaintiff's home to Lockley.

■ However, while defendant's negligence ultimately combined with the actions of Lockley to cause plaintiff's loss, we do not find support in the record for the proposition that defendant and Lockley "consciously conspired and deliberately pursued a common plan" to commit a tortious act or to cause the loss. Indeed, the trial court ruled that the evidence was insufficient to support a finding that defendant had either participated in, or had prior knowledge that Lockley intended to commit fraud or theft against plaintiff. Nor do we perceive that it is possible to "conspire" to be negligent. Therefore, the imposition of joint and several liability cannot stand.

■ Instead, there being no concerted action by the two tortfeasors here, the trier of fact must apportion negligence or fault between them. Section 13–21–111.5(2), C.R.S. (1987 Repl.Vol. 6A); see *Landsberg v. Hutsell,* 837 P.2d 205 (Colo.App.1992); see also *CJI–Civ. 3rd* 9:41 (1988).

The exemplary damage award assessed against defendant will necessarily change if apportionment of fault between defendant and Lockley reduces the amount of compensatory damages assessed against defendant. See § 13–21–102(1)(a), C.R.S. (1987 Repl.Vol. 6A).

## VI.

Defendant contends that the trial court erred by excluding statements made by Lockley that were offered as admissions of a party opponent. We disagree that reversible error occurred, but direct that the trial court reconsider the admissibility of such evidence on remand.

■ To preserve an objection to the exclusion of evidence for appellate review, the offering party is required to make a timely offer of proof for the record in order to demonstrate that the evidence is admissible as well as relevant to the issues of the case. *Melton v. Larrabee,* 832 P.2d 1069 (Colo.App. 1992); see CRE 103(a)(2), (b).

In addition, defendant must direct this court to the record containing the challenged rulings and the offer of proof. C.A.R. 28(e). Defendant failed to make any offer of proof in the original trial proceedings. Accordingly, we are unable to conclude that the initial rejection of this evidence by the trial court was erroneous. See CRE 103(a).

Defendant also contends that the trial court erred in refusing to admit Lockley's statements or to receive an offer of proof during the first remand from this court. After the remand hearing, she submitted a written offer of proof relating to statements Lockley made to her when she confronted him upon learning that plaintiff had never received a deed and that the liens had not been paid. However, we have no record indicating that such offer was timely tendered during those proceedings either.

Lockley's statements may be admissible on this remand. CRE 801(d)(2) provides that a statement is not hearsay if it is made by a party opponent against whom it is offered at trial.

■ The trial court excluded Lockley's statements on the premise that he was no longer a party opponent and that, therefore, the statements were inadmissible hearsay. Lockley, however, remained a party opponent on the issue of apportioning fault between him and defendant. The statements, therefore, may be admissible as to the issue of allocation of fault on remand.

## VII.

■ Defendant next contends that the trial court erred in awarding pre-judgment interest on plaintiff's compensatory and exemplary damage awards pursuant to § 5–12–102, C.R.S. (1992 Repl.Vol. 2). We agree.

The right to interest, absent an independent agreement, is statutory, *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882 (Colo.1986), and is limited to those circumstances enumerated in the statute. *See Weaver v. First National Bank*, 138 Colo. 83, 330 P.2d 142 (1958).

Section 5–12–102, C.R.S. (1992 Repl.Vol. 2) provides in part:

> (1) Except as provided in section 13–21–101, C.R.S., when there is no agreement as to the rate thereof, creditors shall receive interest as follows:
>
> > (a) when money or property has been *wrongfully withheld,* interest shall be *an amount which fully recognizes the gain or benefit realized* by the person withholding such money or property.... (emphasis added)

Here, *Lockley* absconded with plaintiff's money; therefore, defendant was not the party wrongfully withholding the money and did not realize a gain or benefit by retaining it. Thus, § 5–12–102 is inapplicable.

Section 13–21–101(1), C.R.S. (1987 Repl. Vol. 6A) also provides for prejudgment interest:

> In all actions brought to recover *damages for personal injuries* sustained by any person resulting from or occasioned by the tort of any other person.... (emphasis added)

However, because plaintiff did not suffer a personal injury, § 13–21–101(1) is also inapplicable. *Mumford v. Hughes*, 852 P.2d 1289 (Colo.App.1992).

In decisions announced after the original judgment was entered here, our Supreme Court has established that exemplary damages, since they are punitive rather than compensatory, are not subject to prejudgment interest. *Seaward Construction Co. v. Bradley*, 817 P.2d 971 (Colo.1991); *see Lira v. Davis*, 832 P.2d 240 (Colo.1992).

Hence, we conclude that the trial court's imposition of prejudgment interest on both the compensatory and exemplary damage awards entered against defendant Phillips was erroneous and cannot stand.

## VIII.

Defendant next asserts that the trial court erred in awarding attorney fees pursuant to § 13–17–102, C.R.S. (1987 Repl.Vol. 6A). She argues that the trial court failed to make adequate findings or to consider the enumerated factors set forth in § 13–17–103, C.R.S. (1987 Repl.Vol. 6A). We disagree.

Section 13–17–102(2), C.R.S. (1987 Repl. Vol. 6A) requires the court to assess reasonable attorney fees against any party or attorney who has defended a civil action in a manner which the court determines to be without substantial justification. *Shaw v. Baesemann*, 773 P.2d 609 (Colo.App.1988).

Here, the trial court found that defendant presented no credible evidence and no valid defense. It thus substantiated its conclusion that the defense lacked substantial justification pursuant to § 13–17–103.

The reasonableness of the amount of the fee award has been stipulated to and is not here in issue. Hence, we conclude that the court's findings are both sufficient and supported by the record.

## IX.

Defendant next contends that the trial court erred in not ordering a new trial pursuant to C.R.C.P. 60(b) based on excusable neglect by her trial counsel, who does not represent her in this appeal. We are unpersuaded.

It is within the discretion of the trial court to determine whether a party's conduct justifies relief from a judgment, and such determination will be upheld unless the court abused its discretion. *Tyler v. Adams County Department of Social Services*, 697 P.2d 29 (Colo.1985).

In general, excusable neglect involves unforeseen occurrences which would cause a reasonably prudent person to overlook a required act in the performance of some responsibility. Failure to act because of carelessness and negligence is not excusable neglect. *Farmers Insurance Group v. District Court*, 181 Colo. 85, 507 P.2d 865 (1973), *cert. denied sub nom. Lambert v. Supreme Court*, 414 U.S. 878, 94 S.Ct. 156,

38 L.Ed.2d 123 (1973). Additionally, an attorney's ordinary negligence may be imputed to his client. *Valley Bank v. Rowe*, 851 P.2d 267 (Colo.App.1993).

Defendant argues that her trial counsel's inability to present witnesses because of his alleged failure to endorse such witnesses properly amounts to excusable neglect. We disagree.

A review of the record reveals conflicting evidence as to the cause of such failure to endorse the witnesses. Because the trial court's denial of defendant's motion for a new trial is supported by the record, we decline to disturb it.

 Defendant further alleges that her trial counsel waived a jury trial without her knowledge or consent. However, a litigant is generally bound by the choice of litigation procedures and tactical decisions made by his or her attorney. *People in Interest of P.N.*, 663 P.2d 253 (Colo.1983). Furthermore, the case was tried to the court without objection or comment by defendant. *See Johnson v. Neel*, 123 Colo. 377, 229 P.2d 939 (Colo.1951).

We therefore conclude that the trial court did not err in denying defendant's motion for a new trial.

Those portions of the judgment determining defendant's liability for willful and wanton negligence are affirmed. The damage awards and the awards of prejudgment interest assessed against defendant are reversed, and the cause is remanded for further proceedings in conformity with the views expressed herein.

JONES and MARQUEZ, JJ., concur.