COLORADO COURT OF APPEALS                                    **2017COA78**

Court of Appeals No. 16CA1005
Garfield County District Court No. 13CV30316
Honorable John F. Neiley, Judge

Erika Galindo, individually and as parent, guardian, and next friend of Ariana
Guadalupe Galindo, a minor child; and Jose Galindo, individually and as
parent, guardian, and next friend of Ariana Guadalupe Galindo, a minor child,

Plaintiffs-Appellants,

v.

Valley View Association, d/b/a/ Valley View Hospital,

Defendant-Appellee.

---

APPEAL DISMISSED

Division IV
Opinion by JUDGE J. JONES
Graham and Welling, JJ., concur

Announced June 1, 2017

---

Law Office of Stan Epshtein, Stan Epshtein, John Bellinger, Denver, Colorado,
for Plaintiffs-Appellants

Jaudon & Avery LLP, David H. Yun, Jared R. Ellis, Denver, Colorado, for
Defendant-Appellee

The Law Office of Natalie L. Decker, LLC, Natalie L. Decker, Littleton, Colorado;
Michael J. Norton, Greenwood Village, Colorado, for Amicus Curiae Colorado
Family Action

¶ 1    Plaintiffs, Erika and Jose Galindo, are the parents of Ariana Guadalupe Galindo, who died in utero. They have brought claims against Valley View Association, doing business as Valley View Hospital (the hospital), seeking damages on behalf of themselves and Ariana's estate. They allege that medical personnel at the hospital acted negligently in diagnosing and treating Mrs. Galindo when she went to the hospital showing signs of a ruptured placenta. They further assert that as a result of that negligence, Ariana died and they were injured.

¶ 2    The district court dismissed the claims plaintiffs assert based on Ariana's death and sua sponte certified its order as final under C.R.C.P. 54(b). Because we conclude that the district court erred in ruling that there was no just reason to delay an appeal of its order, we dismiss the appeal.

## I. Additional Background

¶ 3    Plaintiffs' complaint asserts causes of action against the hospital for negligence on behalf of Mr. Galindo, Mrs. Galindo, and Ariana (or her estate); negligent infliction of emotional distress on behalf of Mrs. Galindo; loss of consortium on behalf of Mr. Galindo; and wrongful death on behalf of Mr. and Mrs. Galindo. It also

1

asserts that damages can be awarded for Ariana's pre-death injuries under the survival statute, section 13-20-101, C.R.S. 2016.[1]

¶ 4    Shortly before trial, the district court ordered the parties to brief the issue whether an unborn fetus (who was not subsequently born alive) is a "person" within the meaning of the wrongful death and survival statutes.  (The wrongful death statute, section 13-21-202, C.R.S. 2016, and the survival statute apply in the event of the "death of a person.")[2]

---

[1] A wrongful death claim based on negligence in causing the death of another may be brought by certain statutorily identified individuals to recover damages those individuals incurred as a result of the other's death.  §§ 13-21-201 to -204, C.R.S. 2016.  In contrast, the survival statute, section 13-20-101, C.R.S. 2016, allows an action on behalf of a deceased person's estate for damages that person incurred prior to death; it provides that a cause of action that accrued prior to death is not extinguished upon the person's death.  *See Espinoza v. O'Dell*, 633 P.2d 455, 462-66 (Colo. 1981) (explaining how the wrongful death and survival statutes operate); *Gonzales v. Mascarenas*, 190 P.3d 826, 828-29 (Colo. App. 2008) (same).

[2] The hospital never raised the issue of whether Ariana was a "person" within the meaning of the wrongful death and survival statutes.  Though we don't approve of the court's decision to raise the issue on its own, the case is nevertheless before us.

¶ 5    The court postponed the trial.  After considering the parties'
briefs, the court ruled that Ariana was not a "person" within the
meaning of the statutes, and it dismissed the wrongful death claim
and the negligence claim brought on behalf of Ariana's estate.[3]  At
the end of the order, the court wrote: "There being no just reason
for delay, final judgment is hereby entered in favor of [the hospital]
and against the Plaintiffs on both claims pursuant to C.R.C.P.
54(b)."  The court didn't explain why there was no just reason for
delay.

¶ 6    Plaintiffs appealed the order.  After the appeal was fully
briefed, the clerk assigned the case to this division.  The division
then ordered the parties to brief the issue whether the district court
had properly certified the order as final under Rule 54(b), directing
them specifically to explain why there was no just reason to delay
an appeal until the entire case has been resolved, and, even more

---

[3] The court said it was dismissing the wrongful death and survival
statute claims.  But, as discussed, the survival statute does not
create an independent cause of action; rather, it provides that a
person's death does not preclude an action by that person's estate if
that person could have brought an action had she survived.  § 13-
20-101(1).  The effect of the court's order, therefore, was to dismiss
the wrongful death claim and the negligence claim that plaintiffs
have asserted on Ariana's behalf (or on behalf of her estate).

specifically, to explain what hardship or injustice would result to any party if the appeal is not allowed to proceed. *See Allison v. Engel*, 2017 COA 43, ¶ 1 (to show that there is no just reason for delay, it must appear that "a party would experience some hardship or injustice through delay that could be alleviated only by an immediate appeal"). Having considered the parties' supplemental briefs and the record, we conclude that the district court's conclusory ruling that there is no just reason for delay is unsupported by the record or law.

## II. The Requirements of Rule 54(b)

¶ 7 Rule 54(b) creates an exception to the rule that an appellate court has jurisdiction only over appeals from final judgments. *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125, 1126 (Colo. 1982). But that exception is quite limited, and it must be construed consistently with the historical policy against allowing piecemeal appeals. *Allison*, ¶ 31.

¶ 8 A court correctly certifies a ruling as final under the rule only if (1) it is on an entire claim for relief; (2) it ultimately disposes of the claim; and (3) the court determines expressly that there is no just reason to delay an appeal on the ruling. *Lytle v. Kite*, 728 P.2d

4

305, 308 (Colo. 1986); *Harding Glass*, 640 P.2d at 1125; *Allison*, ¶ 24.

¶ 9     In this case, we assume that the ruling satisfies the first two parts of this test.[4]  We focus on part three.

### III. Standard of Review — No Just Reason for Delay

¶ 10     Ordinarily, we review a district court's determination that there is no just reason for delay for an abuse of discretion.  *Lytle*, 728 P.2d at 308, 309; *Allison*, ¶ 25.  We do so because determining whether there is no just reason for delay requires considering interests of judicial administration and equitable factors, *see Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *Lytle*, 728 P.2d at 309, and "the district court is 'most likely to be familiar with the case and with any justifiable reasons for delay.'"  *Allison*,

---

[4] But this assumption is questionable.  We don't just look at the labels in a party's pleading.  Claims are separate "when more than one recovery is possible and when a judgment on one claim would not bar a judgment on the other claims." *Richmond Am. Homes of Colo., Inc. v. Steel Floors, LLC*, 187 P.3d 1199, 1203 (Colo. App. 2008).  The negligence claim and the wrongful death claim are premised on the same alleged negligence.  So if the fact finder determines that the hospital employees were not negligent, and finds against Mrs. Galindo on that basis, that would seem to bar any claim based on Ariana's death or on behalf of Ariana's estate. *See Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005) (claim preclusion); *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999) (issue preclusion).

¶ 25 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).[5]

¶ 11    Our deference to the district court's determination therefore depends on whether we know the court's reasons, so it's important that the court not merely parrot the language of the rule ("no just reason for delay"), but clearly explain its reasoning.  Still, we do not say that a court's failure to do that is some sort of jurisdictional defect.  It isn't.  But unless the court explains its reasoning, or the reasons are otherwise obvious from the record, "any deference we

---

[5] Relevant considerations include

> (1)the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975) (footnotes omitted), *abrogation on other grounds recognized by Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 221 (3d Cir. 2012); *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

might otherwise accord the 54(b) certification decision will be nullified." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997); *accord, e.g., Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1336 (4th Cir. 1993); *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 325-26 (1st Cir. 1988); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 (6th Cir. 1986); *see also* 10 James Wm. Moore et al., *Moore's Federal Practice* § 54.23[2], at 54-68 to 54-69 (3d ed. 2015); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2659, at 140-44 (4th ed. 2014).[6]

¶ 12    In this case, the district court didn't give any explanation as to why it was certifying the ruling, much less any explanation as to why there was no just reason for delay.  The record doesn't otherwise reveal some obvious explanation.[7]  Thus, we will carefully

---

[6] We consider persuasive case law applying the federal counterpart to C.R.C.P. 54(b) because the federal rule and the state rule are virtually identical.  *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1126 n.5 (Colo. 1981); *Allison v. Engel*, 2017 COA 43, ¶ 25 n.3.

[7] Sometimes the reasons may be obvious based on how claims are pleaded.  And oftentimes the reasons for finding that there is no just reason for delay may be set forth in a party's motion requesting certification, and an appellate court can assume that the district court relied on those reasons.  *See Clos v. Corr. Corp. of Am.*, 597

scrutinize the district court's decision without according it deference.

### IV. Analysis — No Just Reason for Delay

¶ 13    The hospital concedes that the district court improperly certified the ruling. It gleans from the court's ruling and the court's decision to stay the proceedings pending this appeal that the court sought to avoid multiple trials, and it recognizes that *Allison* holds that that reason is "plainly insufficient to justify certification because the same could be said about any case involving multiple claims or parties as to which a dispositive ruling is entered on one claim, or as to one party, before trial." *Allison*, ¶ 40.

¶ 14    Plaintiffs, however, try to justify the court's certification in four ways.

¶ 15    First, they argue that unlike the situation in *Harding Glass*, the claims the court dismissed in this case are "entire stand-alone

F.3d 925, 929 (8th Cir. 2010); *see also Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009) ("In some cases, a sufficient reason for Rule 54(b) certification may be evident from the record, even though the court did not explain its reasoning."); *Bldg. Indus. Ass'n of Superior Cal. v. Babbitt*, 161 F.3d 740, 744 (D.C. Cir. 1998) (failure to give reasons may not be a problem where the court's reasoning is discernable from other parts of the record). But in this case, no party moved for certification.

claims." But that goes mainly to the first two parts of the Rule 54(b) certification test, not the issue whether there is no just reason for delay.[8]

¶ 16    Second, and similarly, plaintiffs argue that this case is not like *Allison*, where the court had dismissed one counterclaim while various claims and counterclaims remained pending. That's true, but the difference is merely one of degree, not kind. That this case involves dismissal of a greater percentage of claims says nothing about whether there is no just reason for delay, or even more specifically about whether any party will suffer hardship or injustice unless this appeal proceeds.

¶ 17    Third, plaintiffs assert that this appeal involves "an issue of first impression" that we "will inevitably have to address." Many cases, however, involve issues of first impression. Plaintiffs haven't cited any authority for the proposition that the presence of such an issue justifies Rule 54(b) certification, and we haven't found any. *See Braswell Shipyards*, 2 F.3d at 1336 (deeming that reason

---

[8] As discussed in footnote 4 above, it is not at all clear that the dismissed claims are truly "stand-alone claims."

insufficient and dismissing the appeal).[9]  And as for whether we will

"inevitably" have to address the issue, again the same could be said

about issues in most any multiple-claim or multiple-party case.

¶ 18     Moreover, the assumption that we will have to decide the

"person" issue at some point in this case may prove incorrect.  If a

fact finder determines that the hospital wasn't negligent, and that

finding is affirmed on appeal, that would be an independent basis

for affirming the judgment on the wrongful death claim and the

negligence claim brought on behalf of Ariana's estate pursuant to

the survival statute.  Because all of the claims are premised on

exactly the same allegations of negligence, the doctrines of claim

and issue preclusion would thus bar relitigation of the matter of the

hospital's negligence, even if we decided the "person" issue

differently.  *See Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*,

109 P.3d 604, 608 (Colo. 2005) (claim preclusion); *Bebo Constr. Co.*

*v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999) (issue

---

[9] That the case involves a matter of first impression is relevant to
whether the ruling would be appropriate for an interlocutory appeal
under C.A.R. 4.2.  *See* C.A.R. 4.2(b)(2); *Braswell Shipyards, Inc. v.
Beazer E., Inc.*, 2 F.3d 1331, 1336 n.4 (4th Cir. 1993) (so reasoning
in light of the federal statutory counterpart to C.A.R. 4.2).

preclusion).[10] In any event, the fact that we may be called on to decide the issue at some point doesn't mean that any party will suffer hardship or injustice if we don't decide it now.

¶ 19     Fourth, plaintiffs assert in purely conclusory fashion that dismissing the appeal will be "harmful to the parties" and "the justice system as a whole." We don't see how. Requiring all issues in the case to be resolved before an appeal in no way hinders any party's access to justice. Rather, it promotes such access in a more efficient fashion.

¶ 20     The district court's ruling is inappropriate for certification under Rule 54(b) for the added reason that the adjudicated and unadjudicated claims are closely interrelated. *See Curtiss-Wright,* 446 U.S. at 10 (a court should consider "the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units"); *Ebrahimi,* 114 F.3d at 167; *Braswell Shipyards,* 2 F.3d at 1337; *Consol. Rail Corp.,* 861 F.2d at 326; *Solomon,* 782 F.2d at 62; *see also* 10 *Moore's Federal Practice* § 54.23[1][a]; 10 *Federal Practice and Procedure* § 2659, at 108-10. The operative facts of all of the claims are the same. Mr. and Mrs.

---

[10] Also, the parties could settle the case.

11

Galindo remain parties to the unadjudicated claims. *See Consol. Rail Corp.*, 861 F.2d at 326 ("Application of Rule 54(b) is particularly inappropriate 'when the contestants on appeal remain, simultaneously, contestants below.'" (quoting *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 44 (1st Cir. 1988))). And, as discussed, the key issue common to all the claims is whether the hospital was negligent. So while the dismissed claims *may* be separate from the other claims asserted by Mr. and Mrs. Galindo individually, all the claims are so closely interrelated that allowing piecemeal appeals would be counterproductive. *Cf. Clark v. Baka*, 593 F.3d 712 (8th Cir. 2010) (in action seeking damages for injuries caused to child during birth at hospital, district court improperly certified judgment in favor of one defendant, a hospital management company, where claims against the remaining health care providers arose out of the same facts).

## V. Conclusion

¶ 21    The appeal is dismissed.

JUDGE GRAHAM and JUDGE WELLING concur.